# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Jace Emerson Fesler*
Case No. 3:20-cr-95-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

Fesler and the Government come before the Court on an agreed disposition pertaining to alleged violations of his supervised release.[1] Fesler was tried in a bench trial and sentenced by former United States District Judge Joshua Kindred, while the Government was represented by AUSA Karen Vandergaw.[2] The United States Probation Office (USPO) initially alleged ten violations of Fesler's release,[3] but later filed a second Superseding Petition adding an eleventh violation related to the same course of conduct.[4]

The parties agree that Fesler will admit only to Violation 11 and recommend a time-served resolution with no supervision to follow.[5] The Government contends that "[u]nder the unique circumstances presented here," this resolution "is the most prudent course of action."[6] Likewise, Fesler submits that "[t]his resolution is intended to obviate the need for extensive litigation regarding the conflict of interest between [Kindred] and [Vandergaw]."[7] He reasons that he "would be entitled to *at least* a new trial and sentencing, if not further relief, based on this conflict."[8]

The Court may have misinterpreted the arguments set out in both parties' filings, but it appears that this agreed disposition was proposed, not so much to resolve the eleven supervised release violations, but to avoid examining the judicial and prosecutorial impropriety that the parties suggest may have affected Fesler's trial and sentencing. In fact, Fesler informs the Court that Violation 11 was added "as the means of facilitating this [agreed] resolution."[9] What Fesler and the Government seek is not an appropriate remedy for allegations of impropriety.

---

[1] Dkt. 173 (Government's Disposition Memorandum); Dkt. 174 (Defense's Disposition Memorandum).
[2] *See* Dkt. 63 (Minute Entry for Proceedings Before Kindred); Dkt. 79 (Minute Entry for Imposition of Sentence Before Kindred); Dkt. 90 (Judgment).
[3] Dkt. 153 (First Superseding Petition).
[4] Dkt. 166.
[5] Dkt. 173 at 1–2; Dkt. 174 at 1–2.
[6] Dkt. 173 at 8.
[7] Dkt. 174 at 1.
[8] *Id.* at 2 (emphasis in original). It is unclear to the Court to what additional relief Fesler suggests he may be entitled.
[9] *Id.* at 1.

The parties' filings reveal they are at a fork in the road. The sanctions available for violations of conditions of release, and the applicable procedures for imposing those sanctions, are well settled.[10] If Fesler believes he did not receive a fair trial, he may request a new one. Otherwise, he may proceed to an open disposition on all eleven violations. The Court will not adopt the parties' proposed resolution to leverage these allegations of impropriety for a more lenient penalty.

Fesler has two options for proceeding under the Federal Rules of Criminal Procedure:

1. <u>Fesler may request a new trial.</u>

Under Federal Rule of Criminal Procedure 33(a), "[u]pon the defendant's motion [for a new trial], the court may vacate any judgment and grant a new trial if the interest of justice so requires." "A motion for a new trial is directed to the discretion of the district judge[,]" and should only be granted in "exceptional cases in which the evidence preponderates heavily against the verdict."[11] Under Rule 25(b), a successor judge may "complete the court's duties if the judge who presided at a trial cannot perform those duties because of absence . . . or other disability."[12] The successor judge may grant a new trial if "a judge other than the one who presided at the trial cannot perform the post-trial duties" or "a new trial is necessary for some other reason."[13] However, that question is not presently before the Court.

2. <u>Fesler may proceed to open disposition.</u>

Fesler may instead choose to proceed on the alleged violations of his supervised release.[14] If Fesler intends to proceed to open disposition, he may request an evidentiary hearing or a new Admission/Disposition Hearing.

Should the Government wish to dismiss any of the violations with which Fesler has been charged, as it indicated it may,[15] it must do so with a motion to this Court, but it is within this Court's authority to dismiss or grant such a motion.[16] Conditions of release are imposed under the authority of the Court, and it is the Court that has authority to sanction violations of release conditions.[17]

---

[10] *See* 18 U.S.C. §§ 3142, 3148.
[11] *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981).
[12] Fed. R. Crim. Pro. 25(b).
[13] *Id.*
[14] Fed. R. Crim. Pro. 32.1.
[15] Dkt. 177 at 17.
[16] *Cf. United States v. Mejia-Sanchez*, 172 F.3d 1172, 1175 (9th Cir. 1999) (discussing court's authority over revocation proceedings); *see also United States v. Miller*, 4 F.3d 792, 795 (9th Cir. 1993) (recognizing court's supervisory powers generally: "to implement a remedy for the violation of a statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct").
[17] 18 U.S.C. § 3142(a), (c); *see also United States v. Mejia-Sanchez*, 172 F.3d 1172, 1175 (9th Cir. 1999) ("[I]t is the district court that ultimately decides whether to initiate revocation proceedings after considering the probation officer's report and petition.").

Given the seriousness of the allegations raised by the parties, and the potential injury to Fesler's due process rights if ignored, the Court will not accept the parties' agreed disposition.

For the reasons stated above, the Court **REJECTS** the parties' agreed disposition. The parties shall advise the Court within 14 days of the date of this Order whether they choose to request a new trial, proceed with an open disposition on all eleven violations, or seek other relief.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 12, 2024