NATALIE K. WIGHT
United States Attorney
District of Oregon
CHRISTOPHER D. SCHROEDER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Email: cschroeder1@usa.doj.gov

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACE EMERSON FESLER,<br><br>            Defendant. | No. 3:20-cr-00095-TMB-MMS |

**GOVERNMENT'S UNOPPOSED MOTION TO
VACATE SENTENCE AND DISMISS SUPERSEDING PETITION
ALLEGING VIOLATIONS OF SUPERVISED RELEASE**

The United States of America, by and through its counsel of record, the United

States Attorney for the District of Oregon, respectfully moves without opposition for this

Court to vacate defendant Jace Emerson Fesler's sentence in this case, to resentence Fesler,

and to dismiss the pending superseding petition alleging that Fesler violated conditions of

his supervised release. The government's motion is part of an agreement with Fesler, filed

at the same time as this motion, to resolve any claim that the sentencing judge, former

*U.S. v. Fesler*
Case No. 3:20-cr-00095-TMB-MMS
Motion to Vacate and Dismiss
Page 1

United States District Judge Joshua M. Kindred, erred by failing to recuse himself from proceedings in this criminal case involving Fesler. For reasons stated below, the government moves to vacate only Felser's sentence, not his conviction, and to dismiss the pending superseding supervised release revocation petition as void or moot.

1. On October 19, 2021, Judge Kindred conducted a bench trial based on stipulated facts and found Fesler guilty of knowingly possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [Docket #63]. Assistant United States Attorney ["AUSA"] Karen E. Vandergaw represented the government at trial.

2. On January 31, 2022, Judge Kindred sentenced Fesler. [Docket #79]. AUSA Vandergaw represented the government at sentencing. The government recommended a 37-month term of imprisonment and Fesler's counsel recommended a prison term of no more than 24 months. Docket #111 at 15-17 (transcript of sentencing hearing). Judge Kindred imposed a 36-month term of imprisonment, a three-year term of supervised release, and a $100 special assessment. The district court also ordered forfeiture of the firearm and ammunition that Fesler possessed, Docket #79, but the firearm and ammunition have been administratively forfeited. Judgment was entered on February 15, 2022. [Docket #90].

3. On November 14, 2022, the United States District Court for the District of Alaska reassigned away from Kindred to other district judges all criminal cases in which any of three AUSAs, including Vandergaw, had entered an appearance as government

counsel. These reassignments were prompted by allegations that Kindred had engaged in misconduct and the belief that these AUSAs should not appear before Kindred because each had relevant information.

4.    Around this same time in November 2022, the allegations that Judge Kindred had engaged in misconduct prompted Ninth Circuit Chief Judge Mary H. Murguia to direct a limited inquiry under the Rules for Judicial-Conduct and Judicial-Disability Proceedings. *See* Order of the Judicial Council of the Ninth Circuit in *In re Complaint of Judicial Misconduct*, Ninth Circuit Case No. 22-90121 ["Order"] at p. 2.

5.    On December 27, 2022, after having determined that there was probable cause to believe that misconduct occurred, Chief Judge Murguia identified a complaint against Judge Kindred. Order at p. 2. The complaint alleged that Judge Kindred had created a hostile work environment for judicial employees, engaged in unwanted physical and verbal sexual conduct with a judicial clerk both during and after the clerkship, and attempted to silence those with knowledge of his misconduct. *Id.* at pp. 2-3.

6.    After Judge Kindred disputed the allegations, Chief Judge Murguia appointed a Special Committee to investigate the allegations and report its findings and recommendations to the Judicial Council. Order at p. 3. On March 4, 2024, the Special Committee issued a confidential 1,144-page report, inclusive of exhibits. *Id.*[1]

---

[1] A component of the Department of Justice requested that the Ninth Circuit provide a copy of the report of the Special Committee and the accompanying exhibits, along with transcripts of the Committee's interviews of federal prosecutors, the transcript of April 5, 2024 proceedings before

*U.S. v. Fesler*
Case No. 3:20-cr-00095-TMB-MMS
Motion to Vacate and Dismiss
Page 3

7. On April 5, 2024, after being confronted with "contemporaneous evidence," Judge Kindred admitted that he had "engaged in a flirtation with a . . . more senior AUSA [and] received nude photographs from her." Order at 24; *see also* Order at 25 ("Judge Kindred was confronted with evidence of inappropriate communications with a separate, more senior AUSA. Despite that evidence, Judge Kindred stated that he did not have a personal, inappropriate relationship with that AUSA and that they never exchanged any inappropriate communications, including inappropriate photographs. At the Judicial Council meeting, confronted again with that contemporaneous evidence, he performed an about-face, stating that he received nude photographs from that senior AUSA and that some flirtation occurred.").

8. On July 8, 2024, the Ninth Circuit publicly published an order of its Judicial Council finding that Judge Kindred committed misconduct. Judge Kindred resigned his position as a United States District Judge, effective that same day. News Release of the United States Courts of the Ninth Circuit, July 8, 2024.

9. The senior AUSA described in the Judicial Council's order is Karen Vandergaw, the same AUSA who represented the government before Judge Kindred during the stipulated facts trial and sentencing in this case. To the government's knowledge, neither Judge Kindred nor AUSA Vandergaw disclosed the nature of their

---

the Judicial Council (during which Kindred was questioned), and other evidence that may relate to allegations of improper conduct by an AUSA, but that request was denied. Accordingly, the government presently does not have access to the report or exhibits.

personal interactions to Fesler or any attorney representing him.

10.    AUSA Vandergaw received Judge Kindred's contact information (including his personal mobile telephone number) from one of his law clerks on November 24, 2021. In early December 2021, Kindred and Vandergaw exchanged text messages discussing sex acts and Vandergaw sent Kindred nude pictures of herself. *See United States v. Hernandez-Zamora*, Case 3:21-cr-00062-MAH, Docket #407-1, pp. 54-57, 70-76 (Vandergaw's statements describing her interaction with Kindred); *id.* at Docket #406 at pages 2-3, 5-6 (district court order describing text communications).[2]    Judge Kindred and AUSA Vandergaw chose to communicate using encrypted messaging applications with an automatic delete feature (initially "Signal" and later "Telegram"), frustrating efforts to corroborate statements concerning the substance and timing of events.  There is evidence that they continued to communicate by electronic messaging about performing sex acts with each other and exchanging nude photographs after their initial exchange.

11.    In addition to the encrypted text exchanges and photographs, Judge Kindred and AUSA Vandergaw regularly interacted during business hours at an exercise and weightlifting facility inside the James M Fitzgerald U.S. Courthouse and Federal Building in Anchorage (referred to as the "gym").  This facility is used by other workers in the federal building, including employees of the United States Attorney's Office.  One of

---

[2] The district court's order in *Hernandez-Zamora* refers to Vandergaw as "AUSA-1."  Because Vandergaw already has been identified by name in this litigation, *see* Docket #173, #180, the government does so here.

Kindred's law clerks reported that when Kindred returned to chambers from the gym, he frequently "bragged" that Vandergaw was romantically interested in him. Although there is some uncertainty about when these meetings began, it may not have been until after April 24, 2022, when the United States Attorney's Office ended its COVID-19-based maximum telework policy and began to transition back to in-office work. Kindred and Vandergaw also met approximately two times in his chambers in late November 2021, during business hours and when his staff was present, and once in or around May 2022, when no one else was present. They also met at least once in a bar, after which Kindred accompanied or followed Vandergaw to her car and hugged her.

12. Subsection 455(a) of Title 28, United States Code, provides that "[a] justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

13. A violation of 28 U.S.C. § 455(a) can be harmless. *See United States v. Arnpriester*, 37 F.3d 466, 468 (9th Cir. 1994). An error is harmless where it "does not affect substantial rights." Fed. R. Crim. P. 52(a). A harmless error "must be disregarded." *Id.* A violation of a statutory provision like 28 U.S.C. § 455(a) "is harmless error if there is no reasonable possibility that prejudice resulted." *United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1109 (9th Cir. 2002) (internal quotation marks and citation omitted).

14. The government is not aware of evidence showing that Kindred had an obligation under 28 U.S.C. § 455(a) to recuse himself from Felser's October 19, 2021 stipulated facts bench trial. Instead, available evidence shows that text messaging about

sex acts and transmission of nude photographs began more than a month after the trial and Kindred's finding of guilt. The evidence that there may have been flirtation in the courthouse gym at unknown times is insufficient to establish that recusal was required at trial. Accordingly, there is no evidence known to the government showing that the stipulated facts trial was a "proceeding in which [Kindred's] impartiality might reasonably be questioned."

15. Even had Kindred violated 28 U.S.C. § 455(a) by failing to recuse himself from Fesler's bench trial, the error would be harmless and not require a new trial. There is no dispute that facts proved Felser guilty of the charged offense. Indeed, Fesler wanted to plead guilty and stood trial on stipulated facts only to preserve the right to appeal denial of his motion to suppress when the government refused to agree to a conditional guilty plea. *See* Docket #111 at 10 (defense counsel explaining at sentencing that "[w]e proposed a fully stipulated factual basis to submit to the Court that would essentially provide enough evidence for the Court to find him guilty without the necessity of putting on any witnesses from the government"). Thus, there is "no reasonable possibility that prejudice resulted[,]" *Rosales-Rodriguez*, 289 F.3d at 1109, from Kindred's failure to recuse himself from the bench trial.

16. Because there was no violation of 28 U.S.C. § 455(a) when Kindred found Fesler guilty and, in any event, any error would have been harmless, the conviction is sound and should stand.

17. In contrast, Kindred had an obligation under 28 U.S.C. § 455(a) to recuse

*U.S. v. Fesler*
Case No. 3:20-cr-00095-TMB-MMS
Motion to Vacate and Dismiss
Page 7

himself from Felser's sentencing. The text messaging and transmission of nude photographs between Kindred and Vandergaw in December 2021 would reasonably cause an objective observer to question Kindred's impartiality when he sentenced Felser in January 2022, where AUSA Vandergaw was counsel of record for the government. Accordingly, Kindred violated Section 455(a) when he failed to disqualify himself from Fesler's sentencing.

18.    It is unclear whether the violation of Section 455(a) at sentencing affected Felser's "substantial rights," Fed. R. Crim. P. 52(b), the standard required for finding that an error is not harmless. After rejecting a government claim that Felser was not entitled to credit for accepting responsibility under U.S.S.G. § 3E1.1(a), Kindred imposed a within guidelines sentence. But an impartial sentencing judge, one not involved in an undisclosed personal relationship with government counsel, may have been persuaded by Fesler's counsel's recommendation that it impose a term of imprisonment of no more than 24 months. Accordingly, the government refrains from taking the position here that Kindred's failure to recuse himself at sentencing was a harmless error and instead moves to vacate the sentence.

19.    On May 17, 2023, following Felser's completion of his prison sentence, he began serving his term of supervised release. On October 16, 2024, the United States Probation Office filed a superseding petition in this Court recommending revocation of Felser's supervised release based on allegations of new criminal conduct, as charged in State of Alaska case 3PA-23-01125CR. [Docket #166]. That superseding petition is

pending.

20.     Vacatur of Fesler's sentence will void or moot the pending superseding petition for revocation of his supervised release, which was imposed as part of the sentence. *See, e.g.*, *United States v. Lipscomb*, 66 F.4th 604, 610 (5th Cir. 2023) ("We . . . hold that the vacatur of Lipscomb's reduced sentence requires the vacatur of the revocation judgments. Because his revocation judgments flow from—and indeed are part of—his underlying sentence, vacatur of the latter entails vacatur of the former."); *United States v. Reyes*, 18 F.4th 1130, 1139 n.4 (9th Cir. 2021) ("Our vacatur of the supervised release portion of Reyes's sentence moots her remaining arguments that there are improper discrepancies between the oral and written versions of some of the other supervised release conditions."); *United States v. Gardner*, 826 Fed. App'x 218, 224 (3d Cir. 2020) ("Since we will vacate Gardner's sentence, his challenge to the condition of his supervised release imposed by the District Court at that time is moot.") (footnote omitted).  For this reason, the government further moves this Court to dismiss the pending supervised release revocation petition.

21.     Accordingly, in the interest of justice and to safeguard the right of a criminal defendant to be sentenced before a tribunal whose impartiality cannot reasonably be questioned, the government moves this Court to vacate Fesler's sentence in this case and dismiss the pending petition alleging that he violated conditions of his supervised release. It further respectfully requests that this Court resentence Fesler in accord with the parties' agreement to be filed along with this unopposed motion.

RESPECTFULLY SUBMITTED January 22, 2025, at Anchorage, Alaska.

NATALIE K. WIGHT
United States Attorney for the District of Oregon

*Christopher D. Schroeder*

Christopher D. Schroeder
Assistant U.S. Attorney


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 22, 2025, a true and correct copy of the foregoing was served electronically on defense counsel.

*/s/ Christopher D. Schroeder*
Christopher D. Schroeder
Assistant U.S. Attorney
United States Attorney's Office